## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, | Case No. _____ |
| *Plaintiff*, | |
| v. | **COMPLAINT** |
| KTC, LLC, | **Injunctive Relief Sought** |
| *Defendant* | |

Plaintiff Zach Hillesheim, by and through the undersigned counsel, brings this action against KTC, LLC, a Nebraska limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities.

2.      Defendant owns the multi-tenant commercial plaza known as "Vinton Square" and a neighboring multi-tenant building known as "2906 South 24th Street" which to the extent were constructed and first occupied after January 26, 1993 or were altered after January 26, 1993 was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "Vinton Square" and "2906 South 24th Street" were not constructed or altered before January 26, 1993, Defendant was required to remove barriers to access to the extent barrier removal was readily achievable.

- 1 -

"Vinton Square" and "2906 South 24th Street" contain architectural barriers to accessibility.

3.      The violations alleged in this complaint occurred at "Vinton Square", located at 3002 S 24 St, Omaha NE 68108, and "2906 South 24th Street" located at 2906 S 24 St, Omaha NE 68108.

4.      Defendant's failure to provide equal access to "Vinton Square" and "2906 South 24th Street" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

5.      Defendant's conduct constitutes an ongoing and continuous violation of the law.

6.      Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

7.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

8.      Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

9.      Plaintiff Zach Hillesheim is a resident of the city of Omaha, Nebraska.

10.     Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq*.

11.     Plaintiff Hillesheim was paralyzed as an infant while undergoing surgery to address a congenital heart defect. During the surgery, his spine was severed, paralyzing him below the waist. Mr. Hillesheim cannot walk and uses a wheelchair for mobility. As a person with a disability, Mr. Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

12.     Defendant KTC, LLC, a Nebraska limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the multi-tenant commercial plaza known as "Vinton Square", a place of public accommodation within the meaning of the ADA, located at the street address of 7540 Dodge St, Omaha, NE 68114; and the owner and lessor of "2906 South 24th Street", a place of public accommodation within the meaning of the ADA, located at the street address of 2906 S 24 St, Omaha NE 68108.

## FACTUAL BACKGROUND

13.     On January 28, 2019, Plaintiff Hillesheim visited the multi-tenant commercial plaza "Vinton Square" in Omaha, Nebraska. "Vinton Square" had tenant businesses, including Dollar Tree, Shang-Hai Garden, Paycheck Advance, Subway, Boost Mobile, Bigwheels 2 Butterflys, Metro PCS, Family Fare, and Metropolitan Community College.

14.    When Plaintiff drove to "Vinton Square", there are approximately 365 total parking spaces in the parking lot at "Vinton Square".

15.    "Vinton Square" had 20 parking spaces marked in some way as being reserved as accessible parking spaces.

16.    2 parking spaces on the north side of the "Vinton Square" were not reserved through posted signage.

17.    An image in Exhibit A to this Complaint depicts these 2 reserved parking spaces as they appeared on Plaintiff's January 28, 2019 visit.

18.    Plaintiff found that the parking spaces reserved as accessible parking spaces in the "Vinton Square" parking lot reserved through signs were posted lower than 60 inches above the surface of the parking lot. These signs were also not permanent but rather placed on stands and were subject to being blown over by wind or knocked over by vehicles.

19.    Plaintiff found 4 parking spaces reserved in some way as accessible parking spaces near Family Fare. 2 of these parking spaces were not reserved through posted signage. The 2 parking spaces reserved through posted signage were also filled with piles of snow apparently plowed into the parking spaces (not due to recent snowfall), making these parking spaces unusable to Plaintiff.

20.    Images in Exhibit B to this Complaint depict these 4 reserved parking spaces near Family Fare as they appeared on Plaintiff's January 28, 2019 visit.

21.    Plaintiff found an additional set of 4 parking spaces reserved as accessible parking spaces just south of Family Fare.

22.    Plaintiff found 4 parking spaces near Boost Mobile. No nearby curb ramp provided access to "Vinton Square" tenant businesses from these parking spaces. Additionally, a sign reserving 2 parking spaces was knocked over at the time Plaintiff visited.

23.     Images in Exhibit C to this Complaint depicts the shortest route between the reserved parking spaces located near Boost Mobile and the sidewalk surrounding "Vinton Square" and the knocked-over sign as it appeared on Plaintiff's January 28, 2019 visit.

24.     Plaintiff found 2 parking spaces reserved as accessible parking spaces near Dollar Tree. Snow covered both parking spaces, making it impossible to park in these spaces.

25.     An image in Exhibit D to this Complaint depicts the 2 reserved parking spaces located near Dollar Tree as they appeared on Plaintiff's January 28, 2019 visit.

26.     Also on January 28, 2019, Plaintiff Hillesheim also visited "2906 South 24th Street" in Omaha, Nebraska. "2906 South 24th Street" had tenant businesses, including H&R Block, Cricket Wireless, People Ready, and Pizza Hut.

27.     When Plaintiff drove to "2906 South 24th Street", there were approximately 48 total parking spaces and 3 parking spaces reserved as accessible parking spaces.

28.     At "2906 South 24th Street" Plaintiff found that 0 of the 3 parking spaces reserved as accessible parking spaces had adjacent access aisles.

29.     1 of these 3 reserved parking spaces was not reserved through posted signage.

30.     Plaintiff found that ice had accumulated at the base of the ramp providing access to the tenant business entrances from the reserved parking spaces.

31.     Plaintiff found that piles of snow obstructed the route to the curb ramp between tenant business entrances and the reserved parking spaces.

32.     Images in Exhibit E to this Complaint depict the "2906 South 24th Street" parking lot as they appeared on Plaintiff's January 28, 2019 visit.

33.     On February 25, 2019, Plaintiff revisited "Vinton Square". Snow continued to be piled up in accessible parking spaces.

34.     Images in Exhibit F to this Complaint depict the nominally accessible parking spaces in the "Vinton Square" customer parking lot.

35.     In light of the architectural barriers at "Vinton Square" and "2906 South 24th Street", Plaintiff Hillesheim is deterred from visiting both properties in the future. Plaintiff Hillesheim intends to return to "Vinton Square" and "2906 South 24th Street", but these architectural barriers deter him from doing so. He plans to return and patronize "Vinton Square" and "2906 South 24th Street" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

36.     Plaintiff Hillesheim is a resident of Omaha, Nebraska, and he plans to continue visiting businesses in the greater Omaha area in the future and would enjoy being able to patronize Defendant's multi-tenant commercial properties.

37.     Plaintiff Hillesheim attempted to access Defendant's premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff Hillesheim cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

38.     On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

- 6 -

b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

39. Congress explicitly stated that the purpose of the ADA was to:

a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to ad-

dress the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

40.     Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

41.     The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

42.     Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

43.     In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

44.     In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

45.     The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

46.     On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

47.     On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

48.     The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

49.     Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Vinton Square" and "2906 South 24th Street". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Vinton Square" and "2906 South 24th Street" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

      a. The "Vinton Square" customer parking lot had approximately 365 total parking spaces and 20 parking spaces reserved as accessible parking spaces

but had fewer than the 8 required parking spaces reserved as accessible spaces that complied with ADAAG 502, in violation of ADAAG 208.2. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely, make a safe transfer between his vehicle and wheelchair, and travel safely between the parking lot to the building entrance.

b.  4 parking spaces reserved as accessible parking spaces in the "Vinton Square" customer parking lot were not reserved through posted signage, and the other reserved parking spaces were reserved through signage posted lower than 60 inches above the surface of the parking lot, in violation of ADAAG 216.5 and 502.6. Low or missing signage makes it difficult for Plaintiff to find accessible parking, creates the risk of someone inadvertently parking in reserved parking, and hampers the ability of law enforcement to enforce parking laws and regulations.

c.  4 parking spaces reserved as accessible parking spaces in the "Vinton Square" customer parking lot had piled snow obstructing the parking spaces, reducing the width of these parking spaces to less than 96 inches, in violation of ADAAG 502.2, and creating changes in level on the surface of the parking spaces, in violation of ADAAG 502.4. Failing to maintain these accessible parking spaces violates 28 C.F.R. § 36.211. Plaintiff requires adequately wide and level space to park his vehicle and make a safe transfer to the parking lot.

d.  The 4 parking spaces in "Vinton Square" located near Boost Mobile were not located near a curb ramp providing access to the sidewalk surrounding

the building and were therefore not situated on the shortest accessible route to a tenant business entrance, in violation of ADAAG 208.3.1. Plaintiff uses a wheelchair for mobility and requires a ramp to climb up to the level of a raised sidewalk.

e. The signs reserving parking spaces as accessible parking spaces at "Vinton Square" were placed on stands that were prone to be knocked down or moved, and one such sign was actually knocked down at the time of Plaintiff's visit, in violation of 28 C.F.R. § 36.211. Plaintiff requires signs to be located 60 inches above the surface of the parking space to reliably find accessible parking.

f. The "2906 South 24th Street" customer parking lot had 48 total parking spaces and 3 parking spaces reserved as accessible parking spaces but had fewer than the 2 required parking spaces reserved as accessible spaces that complied with ADAAG 502, in violation of ADAAG 208.2. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely, make a safe transfer between his vehicle and wheelchair, and travel safely between the parking lot to the building entrance.

g. 1 of the 3 reserved parking spaces at "2906 South 24th Street" was not reserved through posted signage, in violation of ADAAG 216.5 and 502.6. Missing signage makes it difficult for Plaintiff to find accessible parking, creates the risk of someone inadvertently parking in reserved parking, and hampers the ability of law enforcement to enforce parking laws and regulations.

- 11 -

h. The 3 reserved parking spaces at "2906 South 24th Street" lacked adjacent access aisles, in violation of ADAAG 502.2. Plaintiff requires an access aisle as a safe place to transfer between his vehicle and the parking lot. Parking in a parking space that lacks an access aisle creates the risk of a vehicle parking next to Plaintiff's vehicle, trapping Plaintiff outside until the obstructing vehicle leaves.

i. Ice had collected at the bottom of the ramp providing access to the tenant businesses of "2906 South 24th Street" from the reserved parking spaces, in violation of ADAAG 405.10. Plaintiff requires ramps and landings to be stable and slip-resistant to safely maneuver.

j. Piled snow obstructed the route between the ramp and the reserved parking spaces at "2906 South 24th Street", reducing the clear width to less than 36 inches, in violation of ADAAG 403.5.1 and 28 C.F.R. § 36.211. Plaintiff uses a wheelchair for mobility and cannot safely travel over piles of snow, but rather requires a level, unobstructed route.

50. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Vinton Square" and "2906 South 24th Street". To qualify as an accessible parking facility, and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles.

- 12 -

51.     In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Vinton Square" and "2906 South 24th Street" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

52.     Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed or altered after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

53.     In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

54.     Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

- 13 -

55.     As a person with a disability, Plaintiff Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

56.     Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be unable to independently access "Vinton Square" and "2906 South 24th Street" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

57.     Plaintiff incorporates and realleges the above paragraphs.

58.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

59.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

60.     Defendant has discriminated against Plaintiff and others in that it failed to make its places of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Hillesheim has been de-

- 14 -

nied full and equal access to "Vinton Square" and "2906 South 24th Street" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

61.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

62.     Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Hillesheim, even though removing the barriers was required and is readily achievable.

63.     Defendant has discriminated against Plaintiff by failing to maintain the accessibility of its premises and by failing to institute policies and procedures to ensure the maintenance of accessible features at its premises. The failure to maintain Defendant's properties includes a failure to properly remove snow from the spaces marked as accessible and to maintain the accessible routes free from snow in the winter.

64.     Plaintiff Hillesheim plans to visit "Vinton Square" and "2906 South 24th Street" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Vinton Square" and "2906 South 24th Street" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's places of public accommodation, including those set forth specifically herein.

65.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Vinton Square" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Vinton Square" until such time as Defendant cures the access barriers.

66.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

    a.  Plaintiff demands a trial in Omaha, Nebraska.

    b.  That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

    c.  That the Court award nominal damages.

    d.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

    e.  That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

f.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: <u>March 19, 2019</u>

<u>/s/ Padraigin L. Browne</u>
Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805